UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KING,

                Plaintiff(s),                CASE NUMBER: 09-12481
                                                HONORABLE VICTORIA A. ROBERTS

v.

BANK OF AMERICA CORPORATION and
BAC HOME LOANS SERVICING,

                Defendant(s).
_____/

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS

I.      INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss Under Fed. R.

Civ. P. 12(b)(6).  (Doc. #7).  Defendants ask the Court to dismiss Brian King's

Complaint in its entirety.

Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

II.     BACKGROUND AND PROCEDURAL HISTORY

In December 2007, King obtained a $229,900.00 mortgage loan from

Countrywide Bank (now owned by Bank of America) to purchase 33187 Glengary Court

in Sterling Heights ("the Property").  The current servicer of the loan is BAC Home

Loans Servicing.

The Uniform Residential Loan Application shows King's monthly income is

$5,166.00 ($61,992.00 annually).  King says this amount is substantially more than his

true annual income of approximately $42,000.00.  King says Defendants had a copy of

1

his Income Tax Returns for 2005-2007, which reflect his true annual income.

In addition, King says Defendants falsely promised him he could sell the Property or refinance the loans in two years, if he had trouble paying the monthly loan payments. King eventually defaulted on the mortgage payments.

On May 18, 2009, King filed a Complaint in the Macomb County Circuit Court for: (1) an accounting; (2) violations of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1639(b)(3) and 1639(h); (3) predatory lending; (4) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq.*; (5) fraudulent misrepresentation; (6) negligent misrepresentation; (7) violation of the Fair Credit Reporting Act ("FCRA"); (8) rescission of notes and mortgages; (9) reformation of notes and mortgages; (10) violation of the Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), MCLA §445.1672(b); (11) violation of Michigan's Usury Act, MCLA §438.31; and (12) temporary restraining order/preliminary injunction.

The Court construes King's claims for rescission (count VIII), reformation (count IX), and temporary restraining order/preliminary injunction (count XII) as the relief he requests, along with monetary damages.

The case was removed to this Court on June 23, 2009.

## III.    STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Because a Fed. R. Civ. P. 12(b)(6) motion

rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses." *Miller*, 50 F.3d at 377 (citing *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)).

However, while this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).  Rather, the complaint must contain either direct or inferential allegations with regard to all the material elements to sustain recovery under some viable legal theory. *DeLorean*, 991 F.2d at 1240 (citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## IV.     APPLICABLE LAW AND ANALYSIS

### A.     Accounting (Count I)

King says he needs an accounting to determine the amount he owes Defendants and/or the amount Defendants owe him.  King says he previously demanded an accounting, but Defendants refuse to provide one.

"An accounting is unnecessary where discovery is sufficient to determine the amounts at issue."  *Boyd v. Nelson Credit Centers, Inc.*, 132 Mich. App. 774, 779 (1984) (citing *Cyril J. Burke, Inc. v. Eddy & Co. Inc.*, 332 Mich. 300, 303 (1952)).

King does not allege that the financial transactions are so complex that ordinary discovery procedures would be inadequate.  King can determine the amount he owes

Defendants – and vice versa – through discovery.

King's claim for an accounting is dismissed.

### B.      Violations of HOEPA (Count II)

#### 1.      15 U.S.C. §1639(b)(3)

King says Defendants violated 15 U.S.C. §1639(b)(3) by refusing to modify the

terms of the loan although he had a financial emergency.  *See* 15 U.S.C. §1639(b)(3):

> The Board may, if it finds that such action is necessary to permit
> homeowners to meet bona fide personal financial emergencies, prescribe
> regulations authorizing the modification or waiver of rights created under
> this subsection, to the extent and under the circumstances set forth in
> those regulations.

This section does not create a cause of action for the benefit of a homeowner; it

only authorizes regulations by the Board of Governors of the Federal Reserve System.

*See* 15 U.S.C. §1602(b) (defining the term "Board").

King's claim under §1639(b)(3) is dismissed for failure to state a claim.

#### 2.      15 U.S.C. §1639(h)

King says Defendants violated 15 U.S.C. §1639(h) by extending credit to him

without considering his ability to repay the debt.  *See* 15 U.S.C. §1639(h):

> A creditor shall not engage in a pattern or practice of extending credit to
> consumers under mortgages referred to in section 1602(aa) of this title
> based on the consumers' collateral without regard to the consumers'
> repayment ability, including the consumers' current and expected income,
> current obligations, and employment.

The mortgages referred to in section 1602(aa) do not include residential

mortgage transactions.  *See* 15 U.S.C. §1602(aa)(1) ("A mortgage referred to in this

subsection means a consumer credit transaction that is secured by the consumer's

principal dwelling, other than a residential mortgage transaction[.]").  A "residential

mortgage transaction" is defined as:

> a transaction in which a mortgage, deed of trust, purchase money security
> interest arising under an installment sales contract, or equivalent
> consensual security interest is created or retained against the consumer's
> dwelling to finance the acquisition or initial construction of such dwelling.

15 U.S.C. §1602(w).

King does not allege a plausible claim that Defendants violated §1639(h).  As a

"residential mortgage transaction" used by King to finance the acquisition of his home,

King's mortgage does not qualify as a HOEPA loan.

### C.     Predatory Lending (Count III)

Michigan does not recognize a claim of "predatory lending."  *See Saleh v. Home*

*Loan Services, Inc.*, 2009 WL 2496682 at *2 n.1 (E.D. Mich. Aug. 17, 2009); *see also*

*Beydoun v. Countrywide Home Loans, Inc.*, 2009 WL 1803198 at *4 (E.D. Mich. June

23, 2009) (assuming plaintiff brought his claim under TILA or HOEPA because Michigan

does not have a statute called "Predatory Lending.").

King's predatory lending claim is dismissed for failure to state a claim.

### D.     Violation of TILA, 15 U.S.C. §1601 *et seq.* (Count IV)

TILA was enacted to "assure a meaningful disclosure of credit terms so that the

consumer will be able to . . . avoid the uninformed use of credit[.]".  15 U.S.C. §1601(a).

TILA is to be liberally construed in the consumer's favor.  *Inge v. Rock Fin. Corp.*, 281

F.3d 613, 621 (6th Cir. 2002) (citations omitted).

King says Defendants violated TILA by failing to provide him the requisite

disclosure statements, his correct interest rate, and the payment schedule.  King says

he did not discover Defendants' TILA violation until May 17, 2009 (the eve of the

lawsuit).

Pursuant to 15 U.S.C. §1640(e), TILA actions for damages may be brought

within one year from the date of the occurrence of the violation.  *See McCoy v.*

*Harriman Util. Bd.*, 790 F.2d 493, 496 (6th Cir. 1986).  Under 15 U.S.C. §1635(f), if the

required disclosures are not made, actions for rescission expire three years after the

transaction is completed.  *Id.*

Because King filed his lawsuit within three years of obtaining the mortgage loan,

his action for rescission is timely.

However, King's request for damages under TILA is untimely; he obtained the

mortgage loan in December 2007 and did not file a lawsuit until May 18, 2009.  But the

Sixth Circuit provides for equitable tolling of that statute of limitations under certain

circumstances:

> the statute of limitations for actions brought under 15 U.S.C. §1640(e) is
> subject to equitable tolling in appropriate circumstances, and that for
> application of the doctrine of fraudulent concealment, the limitations period
> runs from the date on which the borrower discovers or had reasonable
> opportunity to discover the fraud involving the complained of TILA
> violation.

*Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984).  To toll the

limitations period on the basis of fraudulent concealment, Fed. R. Civ. P. 9(b) requires

King to plead three elements with particularity: (1) wrongful concealment of Defendants'

actions; (2) King's failure to discover the operative facts that are the basis of his cause

 of action within the limitations period; and (3) King's due diligence until discovery of the

facts.  *See Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir.

1975) (citing *Weinberger v. Retail Credit Co.*, 498 F.2d 552 (4th Cir. 1974)).

Construing King's Complaint liberally in his favor and accepting as true all factual allegations, *See Gazette*, 41 F.3d at 1064, King alleges facts that could plausibly entitle him to relief. The Court denies Defendants' motion to dismiss King's claim under 15 U.S.C. §1601 *et seq.*, and grants King's request to amend his Complaint.

King has 30 days to file an amended complaint. The amended complaint must include the specific TILA provision or regulation that Defendants allegedly violated. If King intends to continue with his request for damages, he must plead his TILA claims with more particularity in compliance with Fed. R. Civ. P. 9(b).

### E.   Fraud Claims

Fed. R. Civ. P. 9(b) says:

In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

The Sixth Circuit holds that Rule 9(b) must be read liberally. *See Coffey v. Foamex L.P.*, 2 F.3d 157, 161 (6th Cir. 1993). However, at a minimum, the plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* at 161-62 (citations omitted). "[A]llegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.* at 162 (citation omitted). Where there are multiple defendants, a claim must identify who made the alleged misrepresentations. *See Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992).

7

A pleading that fails to comply with the requirements of Rule 9(b) fails to state a claim under Rule 12(b)(6). *Michigan ex rel. Kelley v. McDonald Dairy Co.*, 905 F.Supp. 447, 450 (W.D. Mich.1995). However, in the absence of Defendants' motion for a more definite statement, dismissal for failure to satisfy Rule 9(b) is not appropriate. *See Coffey*, 2 F.3d at 162 (citing *Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir. 1985) (in meeting [the] Rule 9(b) particularity requirement, "federal courts must be liberal in allowing parties to amend their complaints.")).

### 1.     Fraud in the Inducement (Count V)

King abandoned his fraudulent misrepresentation claim for a claim of fraud in the inducement. *See* Plaintiff's Response, p. 12 ("Plaintiff's claim is in the nature of fraud in the inducement, rather than of generic fraud.").

Michigan recognizes fraud in the inducement, which occurs "where a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are relied upon." *Samuel D. Begola Services, Inc. v. Wild Bros.*, 210 Mich. App. 636, 639 (1995) (citations omitted).

To establish fraud in the inducement, King must prove six elements:

(1)     Defendants made a material representation;

(2)     the representation was false;

(3)     when Defendants made the representation, they knew it was false, or made it recklessly, without knowledge of its truth and as a positive assertion;

(4)     Defendants made the representation with the intention that King would act upon it;

(5)     King acted in reliance upon it; and

(6)     King suffered damage.

*See Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 477 (2003) (citations omitted).

The only representation about future conduct King says Defendants made was that he could sell the Property or refinance the loans in two years, if he had trouble paying the monthly loan payments.  King says this representation induced him to sign the mortgage loan, and he suffered damages as a result.

While King's claim is plausible, his Complaint does not satisfy the requirements of Fed. R. Civ. P. 9(b).

King has 30 days to file an amended complaint.  The amended complaint must include: (1) the name of the individual(s) who made the representation (or the name of their employer); (2) where the representation was made; (3) the content of the representation; (4) the fraudulent scheme; (5) the fraudulent intent of the individual(s) who made the representation; and (6) the injury King suffered as a result of the representation.

### 2.      Violation of the MBLSLA, MCLA §445.1672(b) (Count X)

Under MCLA §445.1672(b): "It is a violation of this act for a licensee or registrant to . . . [e]ngage in fraud, deceit, or material misrepresentation in connection with any transaction governed by this act."

King says Defendants violated MBLSLA by misrepresenting: (1) the interest rate; (2) his monthly income; (3) the value of the Property; (4) the monthly payment amount; and (5) the idea that he could sell the Property or refinance the loans in two years, if he had trouble paying the monthly loan payments.

The Loan Application says (a) King represents that the information provided in the application is true and correct (i.e., his monthly income); and (b) neither the Lender

nor its agents, brokers, insurers, servicers, successors or assigns made any representation to King regarding the value of the Property.

However, King argues that the broker prepared the document and told him the financial information he provided was converted to the Loan Application.  According to King, he was unaware that his monthly income was inaccurate.  Further, King says he does not know what information was in the Loan Application because he was coerced into signing it.

 King's MBLSLA claim is plausible; the Court cannot dismiss it at this juncture. Nonetheless, King's claim does not comply with Fed. R. Civ. P. 9(b).

King has 30 days to file an amended complaint.  The amended complaint must include: (1) the name of the individual(s) who made the representations (or the name of their employer); (2) where the representations were made; (3) the content of the representations; (4) the fraudulent scheme; (5) the fraudulent intent of the individual(s) who made the representations; and (6) the injury King suffered as a result of the representations.

### F.      Negligent Misrepresentation (Count VI)

To establish negligent misrepresentation, King must prove six elements:

(1)      a material misrepresentation by Defendants;

(2)      the representation was unintentionally false;

(3)      the representation was made in connection with the contract's formation;

(4)      Defendants and King were in privity of contract;

(5)      resulting damages to King; and

(6)      King's damages inured to Defendants' benefits.

*Sipes v. Kinetra*, *L.L.C.*, 137 F.Supp.2d 901, 910 (E.D. Mich. 2001) (citing *M&D, Inc. v. W.B. McConkey*, 231 Mich. App. 22 (1998)).  In addition, King must prove he "justifiably relied to his detriment on information prepared without reasonable care by one who owed [him] a duty of care."  *Law Offices of Lawrence J. Stockler v. Rose*, 174 Mich. App. 14, 30 (1989) (citing *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200 (1988)).

King's claim against Bank of America fails; a lender does not owe a duty of care to a loan applicant.  *See Noel v. Fleet Fin., Inc.*, 971 F.Supp. 1102, 1115 (E.D. Mich. 1997).

King's claim against BAC fails on the fourth element; King and BAC do not have a contractual relationship.

## G.    Violation of the FCRA (Count VII)

King says Defendants either made or will make false reports to credit reporting agencies and he will suffer (or has suffered) damages to his credit rating, name, fame, and reputation in the community.

King concedes this claim.  *See* Plaintiff's Response, p. 14 ("If the Defendants have not made negative reports to credit agencies then there is no issue with these claims.").

More importantly, King's claim under FCRA fails because his allegations do not permit the Court to infer more than the mere possibility of misconduct.  *See Ashcroft*, 129 S.Ct. at 1950.

## H.    Violation of Michigan's Usury Act, MCLA §438.31 (Count XI)

King says Defendants added additional fees to the mortgage loan, making the interest rate usurious.

MCLA §438.31 generally prohibits lenders from charging interest rates that exceed 7% per annum.  However, King does not dispute Defendants' position that the exception to the general rule applies.  *See* MCLA §438.31c(2):

> The parties to a note . . . executed after August 11, 1969, the bona fide primary security for which is a first lien against real property . . . may agree in writing for the payment of any rate of interest.

Further, King's Complaint fails to state a claim because it only asserts legal conclusions.  *See DeLorean*, 991 F.2d at 1240.

King's claim under Michigan's Usury Act is dismissed.

## V.     CONCLUSION

Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.  The Court **DISMISSES** six of King's claims:

(1)     accounting (count I);

(2)     HOEPA violations (count II);

(3)     predatory lending (count III);

(4)     negligent misrepresentation (count VI);

(5)     FCRA violation (count VII); and

(6)     Michigan's Usury Act (count XI).

Three of King's claims proceed to trial:

(1)     TILA violation (count IV);

(2)     fraud in the inducement (count V); and

(3)     MBLSLA violation (count X).

King must file an amended complaint consistent with this Order.

The hearing on this motion is cancelled.  *See* L.R. 7.1(e)(2).  The Scheduling

Conference will be held on **Monday, September 21, 2009 at 11:00 a.m.**

**IT IS ORDERED**.


s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 11, 2009

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 11, 2009.<br><br>s/Linda Vertriest<br>Deputy Clerk |